UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

    Petitioner,

v.

THOMAS WINN, Warden,

    Respondent.

Case No. 19-12011
Honorable Laurie J. Michelson

**ORDER DENYING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS [1]**

In 2016, Lance Adam Goldman pleaded guilty in the Kalamazoo County Circuit Court to one count of use of false pretenses with intent to defraud between $1,000 and $20,000 and one count of conspiracy to commit false pretenses. (ECF No. 1, PageID.10.) Goldman was sentenced as a second habitual offender to concurrent sentences of 10 to 90 months in prison. (*Id.*)

Goldman filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he was wrongly denied parole based on false information and racial discrimination. He claims that the Michigan Parole Board relied on various inaccuracies in his conviction history and false allegations of his misconduct while incarcerated. (ECF No. 1, PageID.4.) Goldman further alleges "a racist Board, in that he is white, and his interviewers in the past 3 interviews by the Board have been black," some of whom "have paroled many upon many black prisoners with recent violent/assaultive major misconducts." (*Id.*)

Warden Thomas Winn filed a motion to dismiss the petition as moot because Goldman was granted parole after he filed his petition. (ECF 9-1, PageID.52–55.) Indeed, his parole began on March 19, 2020. *See* MDOC Offender Tracking Information System, https://bit.ly/2N8UcU3 (last

1

visited June 18, 2020). Goldman filed a response, arguing that his petition was not moot because the Parole Board's procedures still were biased. (ECF No. 10.) The Court disagrees.

**I.**

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, Goldman "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). An incarcerated habeas petitioner's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

But Goldman does not attack his conviction, only the procedures of the Parole Board, which has since granted his release. "If 'events occur during the pendency of a litigation which render the court unable to grant the requested relief,' the case becomes moot and thus falls outside our jurisdiction." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)); *see also Thelen v. Billingsley*, No. 19-10182, 2019 WL 3306758, at *1 (E.D. Mich. July 23, 2019) ("Where the requested relief, such as release from custody, can no longer be granted, a habeas petition is moot"). Goldman's release on parole means that his claims regarding the Michigan Parole Board no longer present a case or controversy that can be redressed by a favorable judicial decision. *See Townsend v. Vasbinder*, 365 F. App'x 657, 660 (6th Cir. 2010) (holding that petitioner's "appeal is moot because he has been released on parole and thus no longer needs" his requested relief, which would "make no difference to

[petitioner's] legal interests"). So the petition is dismissed because Goldman's claims have been mooted by the Michigan Parole Board's decision to release him on parole.

## II.

Before Goldman may appeal this decision, the Court must determine whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), Goldman must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Goldman has not done so here and so no certificate of appealability will issue. However, if Goldman chooses to appeal the Court's decision, he may proceed in forma pauperis on appeal. 28 U.S.C. § 1915(a)(3).

## III.

For the foregoing reasons, the Court DENIES AS MOOT Goldman's Petition for Writ of Habeas Corpus and DENIES him a certificate of appealability. Goldman is granted leave to appeal *in forma pauperis.*

IT IS SO ORDERED

Dated: June 25, 2020

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 25, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson
